IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCHILLER GROUNDS CARE, INC.<br>1028 Street Road<br>Southampton, PA 18966 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | Civil Action No. |
| | )<br>) | |
| THE TORO COMPANY<br>8111 Lyndale Avenue South<br>Bloomington, Minnesota 55420 | )<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| Defendant. | )<br>) | |

## COMPLAINT

Plaintiff, Schiller Grounds Care, Inc. ("Schiller" or "Plaintiff") brings this Complaint for patent infringement against Defendant The Toro Company ("Toro" or "Defendant"), as outlined below.

## THE PARTIES

1. Plaintiff Schiller is a corporation organized and existing under the laws of Pennsylvania with its principal place of business at 1028 Street Road, Southampton, PA 18966.

2. Upon information and belief, Defendant Toro is a corporation organized and existing under the laws of Delaware with its principal place of business at 8111 Lyndale Avenue, South Bloomington, Minnesota 55420.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332(a)(1) and 1338(a).

5. On information and belief, Defendant Toro is subject to personal jurisdiction in this district by virtue of, among other things, doing business and committing acts of infringement in this Commonwealth, including in this judicial district, through agents and representatives and/or otherwise having substantial contacts with this Commonwealth and this judicial district.

6. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1400(b) because, upon information and belief, infringing activities, such as sales and/or offers for sale of Toro's products, took place within this judicial district and Toro is subject to personal jurisdiction in this district.

## FACTS

7. Plaintiff is the owner of U.S. Patent No. 5,343,678 issued by the United States Patent and Trademark Office ("USPTO") on September 6, 1994 and entitled "Lawn Mower Control Device" (hereinafter "the '678 Patent").

8. The '678 patent is valid and enforceable. The term of the '678 patent is set to expire on February 4, 2013. A true and correct copy of the '678 patent is attached hereto as Exhibit A.

9. Plaintiff is the assignee of all right, title and interest in and to the '678 patent and possesses all rights of recovery under the '678 patent, including the right to sue for infringement and recourse for damages, by virtue of an assignment recorded at the USPTO.

10. Defendant is engaged in making, using, offering to sell, selling, and/or importing lawn mower control devices, including, but not limited to, its "T2" and/or "Split" T-Bar control systems used on its Floating Deck Hydro Drive commercial walk-behind mowers, which are the same as or legally equivalent to the inventions claimed in the '678 patent (hereinafter "the

{00146751;v1}

2

infringing devices"). Upon information and belief, Defendant has made, used, sold, offered for sale, and/or imported the infringing devices in the United States, and continues to do so to the present day.

11. Defendant has not sought, nor obtained, a license under the '678 patent and is not authorized or permitted to use, manufacture, sell, offer for sale, and/or import the inventions claimed in the '678 patent.

## COUNT I
## INFRINGEMENT OF THE '678 PATENT

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 of this Complaint as though fully set forth herein.

13. The claims of the '678 patent are presumed valid pursuant to 35 U.S.C. § 282.

14. Defendant, in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing and/or actively inducing others to infringe the '678 patent, either literally or under the doctrine of equivalents, by making, causing to be made, using, offering for sale, selling, and/or importing into the United States, without license or authority, the infringing devices.

15. Defendant has willfully infringed and, upon information and belief, will continue to willfully infringe the '678 patent by the making, use, offer for sale, sale, and/or importation of the infringing devices unless enjoined by this Court from doing so.

16. As a result of Defendant's willful infringement of the '678 patent, Plaintiff has been damaged to an extent not yet determined.

17. Plaintiff is entitled to monetary damages adequate to compensate Plaintiff for the infringement by Defendant, increased damages under 35 U.S.C. § 284, together with interest,

costs, and attorneys fees, and is entitled to enjoin Defendant from further infringement of the '678 patent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests all legal and equitable relief as may be recoverable for the foregoing offenses, including:

(a)   a judgment that Defendant infringes the '678 patent;

(b)   a permanent injunction enjoining Defendant, and those in active concert or participation with it, from infringing the '678 patent;

(c)   an accounting for damages arising from the infringement of the '678 patent by the Defendant and those in privity therewith;

(d)   an award of damages adequate to compensate for the infringement of the '678 patent, including, but not limited to, reasonable royalties, lost profits, and damages attributable to price erosion, together with prejudgment and post-judgment interest thereon, and costs fixed by the Court, as provided by 35 U.S.C. § 284;

(e)   a judgment that the infringement of the '678 patent was and is willful, and an award to Plaintiff of increased damages in accordance with 35 U.S.C. § 284;

(f)   a declaration that this is an exceptional case and that Plaintiff be granted reasonable attorneys' fees in accordance with 35 U.S.C. § 285; and

(g)   a grant to Plaintiff of any such other relief as the Court may deem just, equitable, or proper.

## REQUEST FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demands a trial by jury on all issues so triable.

{00146751;v1}

Respectfully submitted,

Date: _____            By: _____
                                 John D. Simmons (PA ID No. 202405)
                                 Martin G. Belisario (ID No. 62641)
                                 Stephen E. Murray (PA ID No. 203683)
                                 PANITCH SCHWARZE BELISARIO & NADEL LLP
                                 One Commerce Square
                                 2005 Market Street - Suite 2200
                                 Philadelphia, PA  19103-7086
                                 Telephone: (215) 965-1330
                                 Direct Dial:  (215) 965-1268
                                 Facsimile: (215) 965-1331
                                 E-Mail: jsimmons@panitchlaw.com

                                 *Attorneys for Plaintiff*
                                 Schiller Grounds Care, Inc.

{00146751;v1}